CHARLES L. BRADFORD, PROSECUTOR, v. FRANK DeLUCA AND FRANK KATOK, JUSTICES OF THE PEACE, RESPONDENTS.

Submitted December 7, 1916—Decided June 12, 1917.

The act of 1846 (*Pamph. L., p.* 181), entitled "An act for the preservation of clams and oysters," and the proceedings provided therein, has been superseded by the act entitled "An act to provide a uniform procedure for the enforcement of all laws relating to the

taking of natural seed oysters and clams and the protection of the natural seed oyster grounds of the state and for the recovery of penalties for the violation thereof" (*Pamph. L.* 1900, *p.* 425), which provides, among other things, that all proceedings for the recovery of penalties pursuant to the provisions of the act shall be entitled and run in the name of the State of New Jersey, with one of the oyster commissioners or their assistants or a police officer or a constable, and that "no proceedings shall be instituted by any person not a duly commissioned oyster commissioner or their assistants or a police officer or a constable of this state." *Held*, that a judgment rendered in a proceeding instituted by a private person under sections 7 and 9 of the act of 1846 must be set aside.

On *certiorari*.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *William A. Logue* and *Walter H. Bacon.*

For the respondents, *Robert H. McCarter* and *William F. Kelly.*

The opinion of the court was delivered by

KALISCH, J. The prosecutor was the owner of a schooner equipped with tackle, apparel and furniture engaged in and used to rake and gather oysters in Maurice River cove and Delaware bay. He had for that purpose in his employ persons who were not residents of this state, the prosecutor being a citizen and resident of this state.

The present proceeding was instituted by one Zane, a private person, under sections 7 and 9 of an act entitled "An act for the preservation of clams and oysters." *Pamph. L.* 1846, *p.* 181. These sections provide that it shall be unlawful for any person who is not at the time an actual inhabitant and resident of this state and who has not been such inhabitant or resident for six months next preceding such time to rake or gather clams, oysters or shell-fish, either on his own account and benefit or that of his employer, in any of the rivers, bays or waters of this state, on board of any canoe, flat, scow, boat or other vessel under a penalty of

twenty dollars to be recovered and applied in the manner directed by the first section of the act, and the canoe, flat, scow, boat or other vessel, used and employed in the commission of such offence, with all the clams, oysters, clam rakes, tongs, tackle, furniture and apparel, shall be forfeited and seized, secured and disposed of in the manner prescribed in the ninth and tenth sections of the act; that it shall be the duty of all sheriffs and constables, and may be lawful for any other person or persons to seize and secure any such canoe, flat, scow, boat or other vessel, and immediately thereon give information thereof to two justices of the peace of the county where such seizure shall have been made, who shall meet at such time and place as they shall appoint for trial thereof and hear and determine the same; and in case the same shall be condemned, it shall be sold by the order and under the direction of the said justices, who, after deducting all legal costs and charges, shall pay one-half of the proceeds of said sale to the collector of the county in which such offence shall have been committed, and the other half to the person who shall have seized and prosecuted the same.

Section 3 of the act deals with proceedings to be instituted for penalties against individuals residing within or without the state who shall use or employ, or be on any boat, &c., where there is used or employed an instrument called a dredge in raking for or gathering oysters.

Zane undertook to seize the schooner by nailing to her mast a notice of her seizure, under the act of 1846 above referred to, and had her securely fastened to a float and immediately thereafter filed an information of such seizure before two justices of the peace, who set a time and place for a hearing.

The prosecutor appeared at the hearing, and after testimony taken the justices of the peace having found that the schooner had been used in the commission of the offence complained of, and in violation of section 7 of the act, ordered and adjudged "that the said schooner (C. L. Bradford) be and is hereby condemned, and that it be sold at public sale to the highest bidder * * * in the manner provided by section 9 of the act of 1846."

The principal question upon which the disposition of this case must turn is whether sections 7 and 9 of the act of 1846, under which this proceeding was had, are still in force, or whether they were supplanted by later legislation.

We think the legal procedure provided for in the act of 1846, for the enforcement of the various provisions thereof, has been superseded by later legislation.

Since 1846, many statutes have been passed for the preservation of clams and oysters. Various penalties were provided and different methods of procedure prescribed for their enforcement. Some of the statutes relate only to the oyster industry and prescribe penalties for their violation.

It is more than likely that in view of all this the legislature in order to bring about uniformity in the method of procedure against offenders under the various statutes, and to take the prosecution of the same out of the hands of private individuals, as under the act of 1846, and to put the entire matter under the control of public officials, enacted the statute entitled "An act to provide a uniform procedure for the enforcement of all laws relating to the taking of natural seed oysters and clams and the protection of the natural seed oyster grounds of this state and for the recovery of penalties for the violation thereof." *Pamph. L.* 1900, *p.* 425.

Section 1 of the act provides that all laws, general and special, for the protection of natural seed oysters grounds, or in any manner prohibiting or regulating the taking of possession of natural seed oysters and clams, shall hereafter be enforced, and all penalties for violation thereof shall hereafter be recovered in accordance with the provisions of the act.

Section 2 confers jurisdiction on justices of the peace, District Courts and police magistrates to deal with offenders for offences committed against any of the provisions of the various statutes.

Section 3 points out the method of procedure, and, among other things, it is to be observed that where the proceeding is in the justice's court it is before a justice of the peace sitting alone.

The thirteenth section of the act provides that all proceedings for the recovery of penalties, pursuant to the provisions of the act, shall be entitled and shall run in the name of the State of New Jersey, with one of the oyster commissioners or their assistants or a police officer or a constable; and here follows significant language: "And no proceedings shall be instituted by any person not a duly commissioned oyster commissioner or their assistants or a police officer or a constable of this state."

Section 15 repeals all acts and parts of acts inconsistent with the provisions of the act.

The procedure provided for by the statute of 1900, therefore, supplants that of 1846.

Having reached this result it becomes unnecessary to consider the other reasons presented and argued for setting aside the proceedings.

The judgment will be reversed, with costs.